# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. BANK, N.A., )
)
        Plaintiff, ) Case No. 2:16-cv-02712-RFB-CWH
)
vs. ) **ORDER**
)
SFR INVESTMENTS POOL 1, LLC, et al., )
)
        Defendants. )
_____ )

Presently before the court is Plaintiff U.S. Bank N.A. ("U.S. Bank") and Defendant Canyon Gate Master Association's ("Canyon Gate") Joint Motion to Amend Discovery Plan and Scheduling Order (ECF No. 31), filed on July 20, 2017. Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 33) on July 28, 2017. Plaintiff U.S. Bank filed a reply (ECF No. 36) on August 3, 2017.

U.S. Bank and Canyon Gate move to extend the close of discovery by 30 days, arguing that additional time is needed to accommodate the scheduling of depositions. Specifically, these parties argue additional time is required because (1) U.S. Bank's Rule 30(b)(6) witness was not available to be deposed on July 31, 2017, and that this witness does not have additional dates available during the discovery period;[1] (2) SFR has objected to U.S. Bank's noticing of depositions with fewer than 30 days' notice; and (3) Kirby C. Gruchow, Jr. has requested that his subpoenaed deposition be rescheduled to mid-August.

SFR responds that U.S. Bank has not been diligent in scheduling depositions because it did not comply with the scheduling order's 30-day advance notice requirement in noticing the

---

[1] The court continued this deposition to August 7, 2017, or another date that is mutually convenient to the parties. (Min. Order (ECF No. 35).) Thus, this issue is moot.

depositions of SFR and Canyon Gate's witnesses. SFR further argues that U.S. Bank should not benefit from its failure to comply with the court-ordered 30-day notice requirement by being given additional time to notice depositions. SFR further argues that U.S. Bank has not demonstrated excusable neglect for its failure to request the extension of discovery at least 21 days before the close of discovery as required under Local Rule 26-4. SFR does not specifically address Mr. Gruchow's deposition.

U.S. Bank replies that the court should apply the good cause standard in determining whether to extend discovery, not the excusable neglect standard as stated in SFR's response. U.S. Bank further replies that by granting its motion for a 30-day extension, the court would ameliorate SFR's concerns by giving SFR the 30-day notice that it seeks.

Local Rule 26-4 provides that motions to extend any date set by the discovery plan and scheduling order must, "in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension." LR 26-4. Motions or stipulations to extend deadlines must be made "no later than 21 days before the expiration of the subject deadline." *Id.* "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.* The good cause standard under LR 26-4 is the same as that for modification of the scheduling order under Federal Rule of Civil Procedure 16(b). As stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause standard primarily considers the diligence of the party or parties seeking the extension.

In this case, discovery closed on July 31, 2017. (Scheduling Order (ECF No. 26).) U.S. Bank and Canyon Gate moved to extend discovery on July 20, 2017—within 21 days of the close of discovery. The court therefore will apply the good cause standard in evaluating whether to extend discovery.

The scheduling order requires 30 days' notice for the scheduling of a Rule 30(b)(6) deposition. (*Id.* at 5.) Although U.S. Bank argues that extending discovery by 30 days would allow it to re-notice its depositions and provide SFR with 30 days' advance notice, U.S. Bank does not explain why it failed to give 30 days' notice in the first place and to conduct the depositions before the close of discovery. Given that U.S. Bank did not notice its depositions 30 days in advance as

2

required by the scheduling order, the court finds that U.S. Bank was not diligent in scheduling depositions and therefore has failed to establish good cause for extending discovery. The court therefore will deny U.S. Bank and Canyon Gate's joint motion.

Regarding Mr. Gruchow's deposition, the parties did not provide the court with sufficient information to determine which party issued the subpoena for this deposition or whether the scheduling order's 30-day notice requirement applies to Mr. Gruchow. The court therefore will deny the motion without prejudice as to Mr. Gruchow's deposition.

IT IS THEREFORE ORDERED that Plaintiff U.S. Bank N.A. and Defendant Canyon Gate Master Association's Joint Motion to Amend Discovery Plan and Scheduling Order (ECF No. 31) is DENIED as stated in this order.

IT IS FURTHER ORDERED that the hearing on this motion scheduled for August 15, 2017, at 3:00 p.m. is VACATED.

DATED: August 10, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**