1  DIANA S. EBRON, ESQ.
   Nevada Bar No. 10580
2  E-mail: diana@kgelegal.com
   JACQUELINE A. GILBERT, ESQ.
3  Nevada Bar No. 10593
   E-mail: jackie@kgelegal.com
4  KAREN L. HANKS, ESQ.
   Nevada Bar No. 9578
5  E-mail: karen@kgelegal.com
   KIM GILBERT EBRON
6  7625 Dean Martin Drive, Suite 110
   Las Vegas, Nevada 89139
7  Telephone: (702) 485-3300
   Facsimile: (702) 485-3301
8  *Attorneys for SFR Investments Pool 1, LLC*

9              **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF NEVADA**

11

12  U.S. BANK, N.A., SUCCESSOR TRUSTEE          Case No. 2:16-cv-02712-RFB-CWH
    TO BANK OF AMERICA, N.A.,
13  SUCCESSOR TO LASALLE BANK, N.A.,            **STIPULATION AND ORDER TO STAY**
    AS TRUSTEE, ON BEHALF OF THE               **LITIGATION PENDING FINAL**
14  HOLDERS OF THE WAMU MORTGAGE               **RESOLUTION OF CERTIFIED**
    PASS-THROUGH CERTIFICATES, SERIES          **QUESTION BEFORE THE NEVADA**
15  2006-AR16 TRUST,                            **SUPREME COURT**

16                          Plaintiff,          **(First Request)**

    vs.
17
    SFR INVESTMENTS POOL 1, LLC, a
18  Nevada limited liability company; CANYON
    GATE MASTER ASSOCIATION, a Nevada
19  non-profit corporation,

20                          Defendants.

21  SFR INVESTMENTS POOL 1, LLC, a
    Nevada limited liability company,
22
                     Counter/Cross-Claimant,
23
    vs.
24
    U.S. BANK, N.A., SUCCESSOR TRUSTEE
25  TO BANK OF AMERICA, N.A.,
    SUCCESSOR TO LASALLE BANK, N.A.,
26  AS TRUSTEE, ON BEHALF OF THE
    HOLDERS OF THE WAMU MORTGAGE
27  PASS-THROUGH CERTIFICATES, SERIES
    2006-AR16 TRUST; THE MIDORA TRUST
28  FUND, DAHN MIDORA, TRUSTEE OF THE
    TRUST;  and JPMORGAN CHASE BANK,

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

N.A., SUCCESSOR IN INTEREST BY
PURCHASE FROM THE FEDERAL
DEPOSIT INSURANCE CORPORATION AS
RECEIVER OF WASHINGTON MUTUAL
BANK F/K/A WASHINGTON MUTUAL
BANK FA,

Counter/Cross-Defendants.

Pursuant to LR IA 6-2 and LR 7-1, Defendant/Counterclaimant/Cross-Claimant, SFR INVESTMENTS POOL 1, LLC ("SFR"), Plaintiff/Counter-defendant U.S. BANK, N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR TO LASALLE BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR16 TRUST ("U.S. Bank"), and Defendant/Third-Party Plaintiff CANYON GATE MASTER ASSOCIATION (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby submit the following Stipulation and Order Staying Case Pending Resolution of Certified Question Before the Nevada Supreme Court:

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims related to a non-judicial homeowner's foreclosure sale conducted on a Property pursuant to NRS Chapter 116.

2. On August 12, 2016, the Ninth Circuit issued its decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016) ("*Bourne Valley*") holding that NRS Chapter 116 is facially unconstitutional.

3. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango v. Wells Fargo Home Mortg.*, 388 P.3d 970 (Nev. 2017) ("*Saticoy Bay*"), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution. The Nevada Supreme Court further concluded in *Saticoy Bay* that since due process was not implicated and it "need not determine whether NRS 116.3116 et seq. incorporates the notice requirements set forth in NRS 107.090," thereby requiring notice to subordinate mortgage lenders. *Saticoy Bay*, 388 P.3d at 974.

4. The Nevada Supreme Court's decision in *Saticoy Bay* calls into question the *Bourne Valley* court's conclusions and creates a split in authority between the state and federal courts on

the same issue.

5.      Accordingly, on April 26, 2017, a certified a question was presented to the Nevada Supreme Court regarding NRS 116's notice requirement.  *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al*., Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41].

6.      Specifically, the certified question presented is as follows: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowner's association to provide notices of default to banks even when a bank does not request notice?"

7.      The Nevada Supreme Court issued an Order accepting the certified question on June 13, 2017.  *See* Nevada Supreme Court, Case No. 72931.  Briefing in that matter is currently completed.

8.      An answer to this certified question in a published opinion pronouncing that NRS 116.31168 fully incorporates NRS 107.090, and mandates notice to junior lienholders of record, has the potential to cure the conflict between Nevada's courts and provide a singular, binding authority on the issue which is central to the instant case.

9.      U.S. Bank and SFR filed their respective motions for summary judgment in the instant case on February 5, 2018. [ECF No.'s 62, 63].  Each party's response to the other party's motion for summary judgment was filed on February 26, 2018.  [ECF No.'s 65, 66]. Pursuant to a Stipulation and Order entered on March 13, 2018, the deadline for each party to file replies in support of their respective motions for summary judgment is currently set for March 23, 2018.

10.     The parties believe that the stay requested herein is appropriate.

11.     To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a.      Damage from Stay: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by the Nevada Supreme Court's decision on the certified question. Indeed, the parties will be enable to avoid the cost and expense of

**KIM GILBERT EBRON**
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein.

    b.    <u>Hardship or Inequity</u>: The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

    c.    <u>Orderly Course of Justice</u>: At the center of this case is a homeowners association's foreclosure sale under NRS 116. The outcome of the certified question before the Nevada Supreme Court has the potential cure the conflict between Nevada's courts and provide a singular, binding authority on the issue. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the need for moving forward without final resolution of the federal issues and the state court/federal court conflict.

    12.    IT IS HEREBY AGREED AND STIPULATED that all proceedings in the instant case, including motion, reply and other litigation deadlines, are stayed pending final resolution of the proceedings before the Nevada Supreme Court concerning the certified question.  The Parties believe a stay of the matter to be appropriate to conserve judicial resources and have entered in this agreement in good faith, not for purposes of delay.

    13.    Any party may file a written motion to lift stay at any time for any reason the party determines to be appropriate.

>>>


>>>


>>>


>>>

14.     The parties shall, within 45 days of final resolution of the proceedings concerning the certified question before the Nevada Supreme Court, submit a joint status report and renewed discovery plan and scheduling order for the Court's approval pursuant to local rules.

DATED this 22nd day of March, 2018.

**KIM GILBERT EBRON**

*/s/ Diana S. Ebron*
DIANA S. EBRON, ESQ.
Nevada Bar No. 10580
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139-5974
*Attorney for SFR Investments Pool 1, LLC*

DATED this 22nd day of March, 2018.

**BALLARD SPAHR LLP**

*/s/ Sylvia O. Semper*
ABRAN E. VIGIL, ESQ.
Nevada Bar No. 7548
SYLVIA O. SEMPER, ESQ.
Nevada Bar No. 12863
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
*Attorney for Plaintiff/Counter-Defendant*

DATED this 22nd day of March, 2018.

**TYSON & MENDES, LLP**

*/s/ Thomas E. McGrath*
CHRISTOPHER AMMON LUND, ESQ.
Nevada Bar No. 12435
THOMAS E. MCGRATH, ESQ.
Nevada Bar No. 7086
3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Attorney for Canyon Gate Master Association*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 23, 2018
_____

Respectfully submitted by:

KIM GILBERT EBRON

*/s/ Diana S. Ebron*
DIANA S. EBRON, ESQ.
Nevada Bar No. 10580
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
*Attorneys for SFR Investments Pool 1, LLC*